IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § § § | |
| v. | § | Criminal No. 2:13-CR-026-D-BQ |
| OMAR MENDOZA (1), | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the court is Defendant Omar Mendoza's pro se "Motion for Return of Property Pursuant to F.R.C.P. 41(G)." ECF No. 634. The United States District Judge referred the motion to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and an Order of Reference dated April 11, 2019, for hearing, if necessary, and recommendation. ECF No. 636.

### I.     Motion for Return of Property

Mendoza filed the motion in his criminal case, purportedly under Fed. R. Crim. P. 41(g); however, he should have filed the motion "as a civil action for the return of property."[1] *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000); *see Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007) (citing *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007)). Where, as here, the criminal action has concluded, courts may treat a pro se filing "as one seeking the appropriate remedy." *Clymore*, 217 F.3d at 373; *see, e.g.*, *United States v. Gomez*, No. 3:13-CR-114-D(2), Order (ECF No. 3) (N.D. Tex. Sept. 15, 2014) (Fitzwater, J.) (construing plaintiff's motion for

---

[1] The undersigned directed the Government to file a response to Mendoza's motion. ECF No. 637. On June 14, 2019, the Government filed a motion requesting an extension of time in which to file its response. ECF No. 639. In the motion, the Government asks the court to construe Mendoza's motion as a civil action under 28 U.S.C. § 1331. *Id.*

return of property, originally filed in the criminal case, as a new civil action under § 1331). Accordingly, the undersigned recommends that the District Judge liberally construe Mendoza's motion as a civil complaint under 28 U.S.C. § 1331, and direct the Clerk's Office to open it as a new civil case.[2]

## II.   Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Court **CONSTRUE** Mendoza's motion for return of property (ECF No. 634) as a civil action seeking the return of property. The undersigned further **RECOMMENDS** that the District Court: (1) direct the Clerk of Court to open a new civil case; (2) file Mendoza's motion as a civil complaint in that case; (3) file copies of the undersigned's findings and conclusions, the Government's motion for extension of time, and the court's order granting the Government an extension, in that case; and (4) directly assign the new case to Senior District Judge Sidney A. Fitzwater and Magistrate Judge D. Gordon Bryant Jr.

## III.   Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that

---

[2] Because Mendoza's motion is properly construed as a civil action, he will be subject to the provisions of the Prison Litigation Reform Act (PLRA) and, even if he is granted leave to proceed *in forma pauperis*, will be required to pay the applicable filing fee in a lump sum or through installments. *See Peña v. United States*, 122 F.3d 3, 4–5 (5th Cir. 1997).

merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: June 20, 2019

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE